*In. re* PETITION FOR INVESTIGATION INTO CONDUCT OF
RECOUNT AND INVESTIGATION OF THE NOVEMBER,
1934, ELECTION IN WAYNE COUNTY BY A COM-
MITTEE OF THE STATE LEGISLATURE.

1. COURTS — RECORDER'S COURT OF DETROIT — JURISDICTION — ONE-
MAN GRAND JURY.

A judge of the recorder's court of the city of Detroit with whom
a complaint has been filed under the so-called one-man grand
jury act is *held,* to have jurisdiction of proceeding and locus
of the offense charged in complaint, the court being a court
of record (3 Comp. Laws 1929, §§ 16309, 17217 *et seq.*).

2. SAME—PARTIES—PROSECUTING ATTORNEY—ATTORNEY GENERAL.

Neither the attorney general nor the Wayne county prosecuting
attorney is a necessary party to a so-called one-man grand jury
proceeding in recorder's court of the city of Detroit, located
in Wayne county since institution of such proceeding may be
made upon complaint of any private person (3 Comp. Laws
1929, § 17217 *et seq.*).

3. SAME—POWERS OF JUDGE IN ONE-MAN GRAND JURY PROCEEDING.

In conducting a so-called one-man grand jury proceeding, a
judge may require examination of persons he may require
to attend and may call such assistants from the bar or other-
wise as he may desire (3 Comp. Laws 1929; § 17217 *et seq.*).

4. SAME—ONE-MAN GRAND JURY—PURPOSE—CONTROL.

A so-called one-man grand jury is a proceeding for the discovery
of crime under the control of the judge and not under the
control of either the prosecuting attorney of the county where
held or the attorney general (3 Comp. Laws 1929, § 17217
*et seq.*).

5. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—HOME RULE—
ONE-MAN GRAND JURY.

Constitutional right of municipal home rule is not invaded by
fact that judge of recorder's court of the city of Detroit
investigates charges in complaint as to conduct of recount and
investigation of an election by members of a committee of the
State legislature made to him indicating crimes have been
committed within that city (3 Comp. Laws 1929, § 17217
*et seq.*).

Petition for leave to appeal in the nature of mandamus, certiorari and prohibition from an order of Thomas M. Cotter, judge of the recorder's court of the city of Detroit, allowing the petition of Harry S. Toy, attorney general, for a so-called one-man grand jury. Submitted February 15, 1935. (Calendar No. 38,339½.) Leave to appeal denied February 15, 1935.

*Duncan C. McCrea,* Prosecuting Attorney, and *Sweetman G. Smith,* Assistant Prosecuting Attorney, for petitioner.

*George E. Brand, amicus curiæ.*

PER CURIAM. This case is here on an application for leave to appeal in the nature of mandamus, certiorari and prohibition.

Notice of the application was given to the attorney general's department and to George E. Brand, designated by the judge of the recorder's court for the city of Detroit.

The application involves only legal questions which have been fully argued and considered by the court and, at the request of counsel for both parties, an opinion is filed disposing of the same.

Petitioner alleges five reasons which are thus stated in petitioner's brief:

"1. Has the judge of the recorder's court of the city of Detroit, which is a court of limited jurisdiction, the power to conduct an investigation under the so-called one man grand jury act?

"2. If the said recorder's court has such jurisdiction, then may it take cognizance of any matter coming within the terms of said act except on petition of the prosecuting attorney of Wayne county?

"3. If the court has such jurisdiction then may it exclude the prosecuting attorney of Wayne county from participating in such proceedings?

"4. Has a judge of said recorder's court the right or the power to appoint a 'friend of the court' to conduct said proceedings to the exclusion of the prosecuting attorney of Wayne county?

"5. Assuming the said court to have such jurisdiction, and a judge thereof the right or power described aforesaid, has a general officer of the State the right to invade the county of Wayne to the exclusion of its local officers and initiate such a proceeding in contravention of the Constitution and laws of the State which guarantee local rule to the people?"

The proposed appeal is from an order of the judge of the recorder's court of the city of Detroit, purporting to have been made under 3 Comp. Laws 1929, § 17217 et seq., which statute governs the proceedings. That statute provides complaint may be made before "any justice of the peace, police judge or judge of a court of record."

Judge Cotter had jurisdiction of this proceeding and of the locus of the offense alleged in the complaint.*

The statute provides that: "whenever by reason of the filing of any complaint, which may be upon information and belief," the judge may proceed, which indicates that the complaint may be made by any one and neither the prosecuting attorney of the county of Wayne nor the attorney general of the State of Michigan is a necessary party complainant.

Any private person may appear and make complaint under this statute. The investigation is conducted by the judge and he may require any person

---

* 3 Comp. Laws 1929, § 16309, provides that the recorder's court of the city of Detroit shall be a court of record.

or persons whom he may require to attend and be examined as witnesses the same as upon a complaint naming a particular person as defendant. The judge, in making this investigation, may call such assistants from the bar or otherwise as he may desire. The investigation, being under the control of the judge and in the nature of an inquest, and not a specific proceeding under the control of the prosecuting attorney or the attorney general, it may be instituted by any private citizen and is not one which may be instituted only by the attorney general or the prosecuting attorney. It is, in its nature, a proceeding for the discovery of crime and the apprehension of criminals under the control of the judge and not under the control of either the prosecuting attorney or the attorney general, one in which the public is interested and which is entrusted by the statute to the judge.

It is no invasion of the constitutional right of municipal home rule that the judge of the recorder's court of the city of Detroit investigates, upon complaint made, the charges in such complaint indicating crimes have been committed within the city of Detroit.

Leave to appeal denied.