*In re* WYRICK.

1. COURTS—ONE-MAN GRAND JURY—ASSISTANTS FROM BAR.

In conducting a so-called one-man grand jury proceeding, a judge may require examination of persons he may require to attend and may call such assistants from the bar or otherwise as he may desire (3 Comp. Laws 1929, § 17217).

2. SAME—WITNESSES—SELF-INCRIMINATING ANSWERS—GRANT OF IMMUNITY—STATUTES.

The immunity from prosecution for giving self-incriminating answers, granted a witness in a one-man grand jury proceeding for answering, is controlled by statute authorizing the grant of such immunity (3 Comp. Laws 1929, § 17220).

3. STATUTES—CONSTRUCTION OF STATUTES—PROSECUTING ATTORNEYS —ATTORNEY GENERAL.

The statute relative to powers and duties of prosecuting attorneys in appearing for the State or county in the courts of their respective counties must be construed in the light of statutory provisions vesting the attorney general with certain rights and duties (1 Comp. Laws 1929, §§ 176, 187, 1286).

4. ATTORNEY AND CLIENT—PROSECUTING ATTORNEY—DELEGATION OF POWERS—PUBLIC POLICY.

The prosecuting attorney is a responsible officer, selected by the people and vested with personal discretion intrusted to him as a minister of justice, not as a mere legal attorney, and it is directly contrary to public policy to allow any delegation of his powers.

5. COURTS—ONE-MAN GRAND JURY—WITNESSES—MOTION TO GRANT IMMUNITY—PROSECUTING ATTORNEY—ATTORNEY GENERAL.

The making of a motion to grant immunity to a witness in a one-man grand jury proceeding to whom is put a question requiring an answer which tends to be self-incriminating is within the discretion of a prosecuting attorney or the attorney general or a duly authorized representative thereof (Comp. Laws 1929, §§ 176, 187, 1286, 17217–17220).

6. SAME—ONE-MAN GRAND JURY—MOTION TO GRANT IMMUNITY— CONTEMPT.

Justice of the peace, conducting a one-man grand jury, was in error in granting immunity to a witness upon the motion

of one not a prosecuting attorney or attorney general or duly authorized representative thereof, hence witness was not guilty of contempt of court in refusing to answer propounded question requiring a self-incriminating answer (Comp. Laws 1929, §§ 176, 187, 1286, 17217–17220).

Appeal from Oakland; Doty (Frank L.), Hartrick (George B.), and Holland (H. Russel), JJ. Submitted February 9, 1942. (Calendar No. 41,834.) Decided April 6, 1942.

Certiorari to Charles P. Webster, Justice of the Peace for the City of Pontiac, to obtain release of Gordon Wyrick who was convicted of contempt of court. Judgment upholding validity of proceedings. Petitioner appeals. Reversed and petitioner discharged.

*William F. Dohany,* for petitioner.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Clyde D. Underwood,* Assistant Attorney General, for the people.

Sharpe, J. During the month of September, 1941, a complaint was filed in the municipal court of the city of Pontiac asking for a judicial investigation relative to crimes. Based upon this complaint, Charles P. Webster, one of the justices of said court, issued an order under the provisions of 3 Comp. Laws 1929, §§ 17217–17220 (Stat. Ann. §§ 28.943–28.946), for a judicial investigation of the charges made in said complaint.

Included in this order was the following paragraph:

"It is further ordered, that Clyde D. Underwood, a member of the Oakland County Bar Association, with such other persons as this court may deem

necessary, attend all of said hearings for the purpose of representing the people of the State of Michigan, examining all witnesses who shall be produced and assisting in the conduct of such investigation."

It is admitted that at the time of the appointment of Clyde D. Underwood, he was not the prosecuting attorney or assistant prosecuting attorney of Oakland county, nor was he an assistant attorney general of the State of Michigan.

On October 30, 1941, Gordon Wyrick was served with a subpoena to testify in the proceedings. He was sworn and asked the following question:

"Did you at any time during the past six years give any money to any individual for the purpose of protecting the operation of a gambling house in the city of Pontiac?"

Wyrick refused to answer the question on the ground that his answer might incriminate him. Thereupon, Underwood filed a motion in writing for immunity pursuant to 3 Comp. Laws 1929, § 17220 (Stat. Ann. § 28.946). Immunity was granted by the justice of the peace and the witness again refused to answer. Whereupon, he was found guilty of contempt and accordingly sentenced.

The validity of the proceedings was upheld by the trial court. Petitioner appeals and contends that he was not required to answer the question propounded inasmuch as the justice of the peace was without authority to grant immunity under the law upon the motion of an *amicus curiae.*

The statute authorizing the granting of immunity reads as follows:

"No person shall upon such inquiry be required to answer any questions the answers of which might tend to incriminate him except upon motion in writ-

ing by the prosecuting attorney which shall be granted by such justice or judge, and any such questions and answers shall be reduced to writing and entered upon the docket or journal of such justice or judge, and no person required to answer such questions upon such motion shall thereafter be prosecuted for any offense concerning which such answers may have tended to incriminate him." (3 Comp. Laws 1929, § 17220 [Stat. Ann. § 28.946].)

The people urge that immunity may be granted under the facts and circumstances of the instant case and cite *In re Investigation of Recount,* 270 Mich. 328, as authority. In that case Mr. George E. Brand, an attorney, was designated by a judge of the recorder's court for the city of Detroit to assist the court in conducting a one-man grand jury. One of the questions raised in that case was the right of a judge of the recorder's court to appoint a "friend of the court" to conduct the proceedings to the exclusion of the prosecuting attorney of Wayne county. We there said:

"That statute (3 Comp. Laws 1929, § 17217 [Stat. Ann. § 28.943]) provides complaint may be made before 'any justice of the peace, police judge or judge of a court of record.' * * *

"The judge, in making this investigation, may call such assistants from the bar or otherwise as he may desire. The investigation, being under the control of the judge and in the nature of an inquest, and not a specific proceeding under the control of the prosecuting attorney or the attorney general, it may be instituted by any private citizen and is not one which may be instituted only by the attorney general or the prosecuting attorney. It is, in its nature, a proceeding for the discovery of crime and the apprehension of criminals under the control of the judge and not under the control of either the prosecuting attorney or the attorney gen-

eral, one in which the public is interested and which is entrusted by the statute to the judge."

The questions decided in that case had nothing to do with the granting of immunity to a witness. Such a right is governed by the statute above cited. The statute provides: "No person shall upon such inquiry be required to answer any questions the answers of which might tend to incriminate him except upon motion in writing by the prosecuting attorney."

The powers and duties of the prosecuting attorney are stated in 1 Comp. Laws 1929, § 1286 (Stat. Ann. § 5.751), which provides that:

"The prosecuting attorneys shall, in their respective counties, appear for the State or county, and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions, whether civil or criminal, in which the State or county may be a party, or interested."

This provision of the statute must be construed in the light of 1 Comp. Laws 1929, §§ 176, 187 (Stat. Ann. §§ 3.181, 3.211), which vest the attorney general with certain rights and duties.

The question of delegation of the duties intrusted to the prosecuting attorney was passed upon in *Engle* v. *Chipman,* 51 Mich. 524, where it was said:

"The law has very carefully guarded the criminal interests of the State from any interested or unauthorized intermeddling. The prosecuting attorney is a very responsible officer, selected by the people and vested with personal discretion intrusted to him as a minister of justice, and not as a mere legal attorney. * * * It is directly contrary to public policy to allow any general delegation of a prosecutor's powers, and the courts cannot recognize any such arrangement as forming a basis for personal compensation."

The right to grant immunity is found in the statute hereinbefore cited. An examination of this statute clearly leads to the conclusion that the making of a motion to grant immunity must be left to the discretion of the State's representative. The State has wisely provided that this power should lie in the discretion of the prosecuting attorney or the attorney general in certain cases. It follows that the trial court was in error in affirming the action of the justice of the peace in granting immunity upon the motion of one not a prosecuting attorney or attorney general or the duly authorized representative thereof.

The petitioner is not guilty of contempt of court in refusing to answer the question propounded. He should be released from custody under such charge.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., did not sit.