*In re* HICKERSON.

1. COURTS—ONE-MAN GRAND JURY—JURISDICTION.
    The jurisdiction of a court conducting a one-man grand jury is determined by its territorial limits and not by limitations upon the court's power to hear and determine criminal cases (3 Comp. Laws 1929, §§ 17217–17220).

2. SAME—ONE-MAN GRAND JURY—ASSISTANTS FROM BAR.

    In conducting a so-called one-man grand jury proceeding, a judge may require examination of persons he may require to attend and may call such assistants from the bar or otherwise as he may desire (3 Comp. Laws 1929, §§ 17217–17220).

3. SAME—ONE-MAN GRAND JURY—CONTROL.

    A one-man grand jury is a proceeding under the control of the justice of the peace when he orders it, and not the attorney general or the prosecuting attorney (3 Comp. Laws 1929, §§ 17217–17220).

4. SAME—ONE-MAN GRAND JURY—WITNESSES—IMMUNITY—DISCRETION.

    The granting of immunity to a witness in a one-man grand jury proceeding after a proper motion therefor has been made is discretionary with the magistrate conducting the proceeding (3 Comp. Laws 1929, §§ 17217–17220).

5. SAME—ONE-MAN GRAND JURY—IMMUNITY OF WITNESSES—MOTIONS—LIMITATION ON MAGISTRATE—STATUTES—PUBLIC POLICY.

    The granting of immunity to a witness in a one-man grand jury proceeding may only be made by magistrate in control thereof upon written motion of a duly authorized representative of the State, both because of manner in which legislative intent has been expressed in the statute and because public policy requires such a limitation upon the magistrate's authority (3 Comp. Laws 1929, §§ 17217–17220).

6. SAME—ONE-MAN GRAND JURY—MOTION TO GRANT IMMUNITY—CONTEMPT.

    Justice of the peace, conducting a one-man grand jury, was in error in granting immunity to a witness upon the motion of one not a prosecuting attorney or attorney general, hence witness was not guilty of contempt of court in refusing to answer propounded question requiring a self-incriminating answer (3 Comp. Laws 1929, §§ 17217–17220.).

Appeal from Oakland; Doty (Frank L.), Hartrick (George B.), and Holland (H. Russel), JJ. Submitted February 9, 1942. (Calendar No. 41,835.) Decided April 6, 1942.

Certiorari to Charles P. Webster, Justice of the Peace for the City of Pontiac, to obtain release of DeWitt Hickerson who was convicted of contempt

of court. Judgment upholding validity of proceedings. Petitioner appeals. Reversed and petitioner discharged.

*Leon H. Hubbard,* for petitioner.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Clyde D. Underwood,* Assistant Attorney General, for the people.

CHANDLER, C. J. Upon a petition filed by the city attorney in the municipal court for the city of Pontiac, alleging certain crimes to have been committed within the jurisdiction of said court, a justice of peace of said court, acting pursuant to 3 Comp. Laws 1929, §§ 17217–17220 (Stat. Ann. §§ 28.943–28.946), ordered a "one-man grand jury" investigation of the matters alleged in said petition. It was further ordered that one Clyde D. Underwood, a member of the bar of Oakland county, attend the hearings for the purpose of representing the people and assisting in the conduct of the inquiry.

The grand jury convened on October 13, 1941, and appellant was called as a witness. Upon a certain question being propounded to him, he refused to answer, claiming that his answer thereto might tend to incriminate him. Thereupon, the said Clyde D. Underwood filed a motion in writing for immunity pursuant to 3 Comp. Laws 1929, § 17220 (Stat. Ann. § 28.946). Immunity was granted and the witness again refused to answer, whereupon he was found guilty of contempt and accordingly sentenced.

On November 8, 1941, appellant obtained writs of certiorari and habeas corpus from the circuit court, and upon hearing, said petitions were denied and the validity of the proceedings upheld. This appeal followed.

Appellant claims that the justice conducting the investigation had no authority to inquire into offenses not cognizable by a justice of the peace. This contention is based upon the language of 3 Comp. Laws 1929, § 17217 (Stat. Ann. § 28.943), which confers authority to act when such justice, upon filing of a complaint, shall have probable cause to suspect that "any crime, offense, misdemeanor or violation of any city ordinance shall have been committed *within his jurisdiction.*" In other words, appellant argues that the authority of said justice was limited to an investigation of offenses cognizable within the limitations of the criminal jurisdiction of a justice court as distinguished from offenses committed within the territorial jurisdiction of such a court.

This question is answered by *In re Watson,* 293 Mich. 263. In that case, it was claimed that Judge Ferguson, a circuit judge for Wayne county, had no authority to proceed because the matters under inquiry by him as a "one-man grand jury" were not cognizable by the court of which he was a member, jurisdiction to hear and determine such offenses being reserved exclusively to the recorder's court for the city of Detroit. The question thereby raised was in principle the same as that involved herein; viz., is the authority of the grand jury circumscribed by the limitations placed upon the court's power to hear and determine issues, or is the authority coextensive with the territorial jurisdiction of the court of which the judge conducting the inquiry is a member?

In denying relief in that case, we said:

"At the outset it is contended that Judge Ferguson is without authority to investigate or proceed, for the reason that the crime in question in the instant case was committed in Detroit, and that the recorder's court has exclusive jurisdiction over

crimes committed in that city. However, the judge, as a one-man grand jury, is empowered to investigate gambling in Wayne county by virtue of 3 Comp. Laws 1929, §§ 16300, 17217 (Stat. Ann. §§ 27.3561, 28.943), and may require any person who may be able to give any material evidence respecting such offense to attend as a witness and answer such questions as the judge may require concerning any violation of the law about which he may be questioned.''

The statute referred to in the foregoing quotation, 3 Comp. Laws 1929, § 16300 (Stat. Ann. § 27.3561), giving the recorder's court exclusive jurisdiction of crimes committed in the city of Detroit, reserved to the grand jury of Wayne county authority to investigate crimes in said county, the same as it had prior to the enactment of the statute. Thus it is seen that the situation in the *Watson Case* was parallel to the facts herein, and it was held that the controlling element was the territorial jurisdiction of the court conducting the grand jury, not the limitations upon the court's power to hear and determine criminal cases.

Appellant also claims that he was not required to answer the question propounded inasmuch as the motion for immunity was made by Mr. Underwood, rather than the prosecuting attorney of Oakland county as specified in the statute. 3 Comp. Laws 1929, § 17220 (Stat. Ann. § 28.946). We have held that the judge has the power to request members of the bar to assist in any such investigation; and that the proceedings are under the control of the judge and not the attorney general or prosecuting attorney. *In re Investigation of Recount,* 270 Mich. 328. This is equally applicable to a grand jury conducted by a justice of the peace. Also, the granting of immunity, after the motion has been made, is discretionary with the magistrate. However, no-

where do we find authority for the proposition that a member of the bar assisting the grand jury may make the motion for immunity. The language of the statute, in providing that the motion shall be made by the prosecuting attorney, is mandatory in tone. It provides, in part: "No person shall * * * be required to answer * * * except upon motion in writing by the prosecuting attorney." It specifically states that the first move in granting immunity must be by motion in writing by the prosecuting attorney, which shall be granted by the justice or judge, making clearly apparent the legislative intent that the justice or judge, acting as a one-man grand jury, should not be vested with the authority to exercise this important function except in conjunction with a duly authorized legal representative of the State.

Aside from legislative intent, gleaned from statutory language, broad questions of public policy would seem to require that the use of such authority be limited. It can readily be seen that serious abuses could result if it were determined that any member of the bar while assisting at the inquiry could make a motion to grant immunity from criminal prosecution of any person who might be called as a witness. A power of such importance should be exercised only by those whose sworn duty it is, as public officers, in this case the prosecuting attorney or attorney general, to enforce the criminal laws. See *In re Wyrick, ante,* 273.

The petitioner is not guilty of contempt of court and should be released from custody under such charge.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.